Marshall, C. J.
 

 This cause originated in the Court of Appeals as a proceeding brought by the superintendent of insurance against the Great American Mutual Indemnity Company, of Mansfield, Ohio, an insurance company authorized and licensed to transact business in this state. The petition alleged certain violations of the insurance laws of the state, and certain forbidden practices, and neglect and refusal to observe certain orders of the superintendent of insurance. The proceeding was apparently filed under warrant of Section 634-2, General Code, which authorizes the superintendent of insurance to bring an action against an insurance company alleged to be delinquent, as therein provided. That statute authorizes such suit to be filed in the Court of Appeals of Franklin county, or in any other county in which the principal office of such corporation is located. The petition prays that the superintendent be permitted to take possession of the property and to conduct its business. It further prays for such general relief as the nature of the case and the interest of its members, policy holders, creditors, and the public may require.
 

 The insurance company entered its appearance
 
 *89
 
 and consented to a decree, and thereupon the court ordered the superintendent to take possession of the property and assets and ‘ ‘ to collect, administer, and distribute its assets under the order and direction of this court.” On the same day, Nathan C. Hirsch was given leave to become a party defendant and file a demurrer. There is nothing in this record to indicate the relation of Hirsch to the business of the company, and nothing to show his interest in the company’s assets, except, as it is stated out of the record, that he was a policy holder. Under leave of the court, he filed a demurrer, which demurrer was overruled. Error is now prosecuted to this court. The record does not show that he sought to file answer after the demurrer was overruled; neither does the record indicate what, if any, defense he would have made to the petition. In the argument of the case in this court he did not' indicate whether or not he had a defense, but argued the sole question of the jurisdiction of the Court of Appeals to entertain the proceeding filed by the superintendent of insurance.
 

 It has been decided by an unbroken line of authorities in this court that the Court of Appeals derives its jurisdiction from the Constitution. The suit, having been originally filed in the Court of Appeals, must come under one of the five original writs, and the only writ appropriate to this case would be
 
 quo warranto.
 
 Unless therefore the proceeding comes within the limitations of that writ, the superintendent of insurance had no right to maintain it in the first instance in the Court of Appeals. If we look only to Section 634-2, Gen
 
 *90
 
 eral Code, it is apparent that the suit conld not he filed in the first instance in the Court of Appeals, because that section evidently contemplates an administration suit. That section is useful in declaring and enumerating the delinquencies of an insurance company justifying court proceedings on the part of the superintendent of insurance, but, unless the proceeding filed comes within the definition of
 
 quo warranto,
 
 that court could not have entertained jurisdiction in the first instance.
 

 Section 12304, General Code, provides for an action in
 
 quo warranto
 
 against a corporation when it has offended against the provisions of an act for its creation or renewal, and also when it has misused a franchise, privilege, or right conferred upon it by law. The allegations of the petition bring the cause clearly within the provisions of Section 12304, and the prayer for general relief permits a judgment of ouster, if the proven facts will warrant it.
 

 If it is the purpose of the superintendent of insurance to conduct an administration suit with the ultimate purpose of restoring the company to its corporate franchises, it must necessarily he held that the suit cannot be maintained. If, on the other hand, it is in fact a suit in
 
 quo warranto,
 
 and if it is the ultimate purpose of the superintendent of insurance to dissolve the corporation and distribute its assets, the Court of Appeals has jurisdiction. The insurance company having entered its appearance and consented to a decree, and the Court of Appeals having ordered distribution of the company’s assets, the cause has all the characteristics and qualities of a suit in
 
 quo warranto.
 

 
 *91
 
 It may seriously be questioned under this record whether Hirsch has any standing or has shown himself by this record to be a party in interest. But, inasmuch as the Court of Appeals gave him leave to file a demurrer, we prefer not to dispose of the case upon a question of practice. The judgment of the Court of Appeals will be affirmed.
 

 Judgment affirmed.
 

 ■Day, Allen and Kinkade, JJ., concur.