Marshall, C. J.
 

 Many of the facts alleged in the petition in the instant case which are not carried into the statement are such that, if proven, would show the relator has rights which entitle him to a remedy in some court of competent jurisdiction in this state. It does not follow that the remedy lies in invoking the . original jurisdiction of this court
 
 *122
 
 to prohibit some other court from passing upon the facts of his controversy and from either giving him or denying him the relief he seeks. He may only be heard in this court upon showing that such other court is without jurisdiction to either give or deny such relief. It is shown, not by the allegations of his petition, but by the answer and by the evidence submitted, that he was himself a suitor in the court of common pleas, and that by cross-petition he invoked the jurisdiction of that court, and that, after hearing the evidence and arguments of counsel, the decision of the court was adverse to him. After such adverse decision, he invoked the same jurisdiction on three separate and distinct occasions, and was again as often denied the relief he sought.
 

 We shall not assume, neither shall we permit the relator to attempt to prove in this case, that the court of common pleas erred. For the purposes of this case we shall assume that the common pleas court did not err. The allegations of fact in the cross-petition of Brickell filed in the court of common pleas were such that, if proven, and no defense were made which would avoid them or render the relief he sought inequitable, would have entitled him to the relief he prayed. He was not prosecuting any ejectment suit which would necessarily be submitted to a jury; he was invoking the equitable jurisdiction of the court by intervening in an equity suit and praying equitable relief. The court heard and decided the equitable issue, and found that “the claim of forfeiture set up by the said Edwin M. Brickell is unjust, unreasonable and inequitable and contrary to law and that said claim is therefore denied.” That it was recognized by
 
 *123
 
 Brickell as an equitable issue is shown by the fact that he gave notice of appeal from the judgment of October 18, 1928, and asked that the amount of an appeal bond be fixed, but did not thereafter perfect the appeal. We shall not determine whether or not the trial court erred in that judgment. The case was open to review that judgment by either appeal or error in the Court of Appeals, and, later, in this court. It may be suggested, in passing, that, in the ordinary course of judicial administration in this state, both reviewing courts would have, in turn, considered and decided such review more than a year before the instant case was filed in this court.
 

 Not content with one adverse judgment, he returned to the fray several other times, seeking the same relief by affirmative pleading in somewhat different and varied form, and each time received an adverse decision, from which no error or appeal was prosecuted. It must be manifest, therefore, that he now seeks the extraordinary remedy of prohibition in the exercise of the original jurisdiction of this court as a substitute for a review, of which he did not avail himself, and when the way was open to him at least four different times.
 

 Relator alleges five separate legal propositions as the basis of his relief. The first of these propositions, concisely stated, is that the petition filed by the stockholder in the court of common pleas did not state a cause of action. More particularly, he claims in the instant case that the petition originally filed in the court of common pleas praying the appointment of a receiver did not state facts sufficient to give that court jurisdiction to take the property
 
 in custodia legis.
 
 That petition is an exhibit to the
 
 *124
 
 petition in the instant case. If this court should examine that petition and should find that it did not state a cause of action which would entitle the plaintiff to the relief sought, and the appointment of a receiver, and on that ground should sustain relator’s claims of want of jurisdiction, we would thereby establish a precedent which would justify a prohibition suit in this court to prohibit the trial courts of this state from further proceeding in any case where it might be claimed that the petition did not state a cause of action. The statement of such a proposition is its own refutation.
 

 The second and fourth legal propositions urged are practically identical, and are based upon the claim that, even after taking the property
 
 in custodia legis,
 
 the court could no longer retain such custody through its receiver after the terms of the lease were not complied with by the receiver. The answer to this is that the court heard and decided that very issue as an equitable issue, and held that it would be inequitable to declare a forfeiture, and that Brickell did not prosecute error from such judgments repeatedly rendered. We think it cannot be seriously contended that the common pleas court did not have jurisdiction to hear and determine the question of forfeiture, both before and after the receivership.
 

 If such a legal proposition is debatable, it must still be held that the relator affirmatively invoked the jurisdiction of that court and received the judgment of that court, and he is therefore estopped at this time to complain of the judgment of that court otherwise than in a proceeding for review.
 

 The third proposition is that the stockholder who filed the original receivership suit disposed of his
 
 *125
 
 stock on June 19, 1928, and that the action should therefore have terminated. If this proposition requires any answer, it is sufficient to say that the stockholder’s suit was for the benefit of the plaintiff stockholder, and for all other stockholders similarly situated, and that, the suit once begun, and new rights having accrued by reason of the suit, and new problems having arisen by reason of that suit, the court would not be bound to dismiss the suit upon a showing that the stockholder no longer desired it to be continued.
 

 The fifth proposition is that the relator is deprived of his legal and property rights, and is without adequate remedy at law. This proposition is included in the discussion of the others. He had an adequate remedy, and pursued it in a court of competent jurisdiction. He had a further remedy upon being defeated by having the judgment of that court reviewed. It has been so often held that a writ of prohibition cannot be made to serve the purposes of a writ of error in order to correct the mistakes of the lower court in deciding questions of law within its jurisdiction that we will not cite the previous decisions of this court which have frequently so held. It has likewise often been held by this court that, where a party invokes the jurisdiction of a court of competent jurisdiction, and receives an adverse judgment, he is estopped from invoking other remedies which might otherwise have been open to him. The petition must be dismissed.
 

 Petition dismissed.
 

 Kinkade, Robinson, Jones, Matthias and Apt .en, JJ., concur.