THE STATE, EX REL. THE TOLEDO TRUST CO. ET AL.,
*v.* FOX ET AL., COUNTY BOARD OF REVISION OF
WOOD COUNTY.

(Decided February 2, 1931.)

Mr. Ray Martin, Mr. John C. Cochrane, Mr. George N. Fell and Mr. J. I. O'Connor, for relators.
Mr. N. R. Harrington and Mr. Raymond E. Ladd, for respondents.

LLOYD, J.  Relators have filed a petition in this court praying for a writ of prohibition to restrain the defendants from hearing a complaint filed with them as the county board of revision of Wood county, requesting that certain real estate located in Wood county, and the buildings thereon, be re-stored to and placed on the tax duplicate of that county for taxation, the tax commission of Ohio having theretofore declared the same to be exempt therefrom.

The petition alleges that relator, the Toledo Trust Company, has the legal title to the real estate, and that relator, the Ursuline Convent of the Sacred Heart, is in possession thereof and is the owner of the beneficial interest therein; that the convent is a religious order conducting on said property an academy and school for the education of boys; that prior to April 15, 1930, said convent applied for the exemption of said land and build-ings under Section 5349, General Code; that there-after, upon hearing duly had, the tax commission of Ohio by formal order exempted said real estate and buildings thereon from taxation for the year 1930, and so long thereafter as the same should be used for the purposes aforesaid, which said order was duly transmitted to the auditor of Wood county; that no proceedings were instituted by any one to obtain the reversal, vacation or modification of said order of the tax commission; that notwith-

standing the finding and order of the tax commission a complaint has been filed with the county auditor claiming that said property should not be exempt from taxation and should be restored and placed upon the tax duplicate for 1930, and thereafter, excepting such portion thereof as should upon hearing be found to be exempt therefrom; that in violation of the order of the tax commission the county board of revision proceeded to a hearing on said complaint, and over the objection of relators has taken and is taking testimony therein; that said county board is without jurisdiction to hear said complaint and this court therefore should grant the prayer of relators' petition and allow a writ of prohibition to restrain said board from so proceeding. The defendant board has filed a general demurrer to this petition of relators, and the question for decision is whether this petition states a cause of action.

It has been so often stated as to have become a truism that the writ of prohibition is a high prerogative writ, to be used only where there is no other regular, ordinary or adequate remedy, and that it may be invoked against inferior courts or inferior tribunals, ministerial or otherwise, that are judicial or *quasi* judicial bodies, to keep such courts or tribunals within the limits of their own jurisdiction, and to prevent their encroaching on the jurisdiction of other tribunals. *State, ex rel. Nolan,* v. *Clen Dening,* 93 Ohio St., 264, 112 N. E., 1029; *State, ex rel. Brickell,* v. *Roach, Recr.,* 122 Ohio St., 117, 170 N. E., 866.

The demurrer admits and the fact is that the tax commission and the county board of revision are

*quasi* judicial bodies invested with specific and limited duties and functions requiring the exercise of judicial powers and jurisdiction to the extent necessary to their performance. If the county board of revision has jurisdiction to determine the question before it, prohibition will not lie. Whether or not it has such jurisdiction depends upon the power and authority vested in it by legislative enactment.

Section 5609, General Code, provides: "Complaint against any valuation or assessment as the same appears upon the tax duplicate of the then current year, may be filed on or before the time limited for payment of taxes for the first half year. Any taxpayer may file such complaint as to the valuation or assessment of his own or another's property, and the county commissioners, the prosecuting attorney, county treasurer, or any board of township trustees, any board of education, mayor or council of any municipal corporation, in the county shall have the right to file such complaint. The county auditor shall lay before the county board of revision all complaints filed with him. * * * Each complaint shall state the amount of overvaluation, under-valuation, or illegal valuation, complained of."

Section 5616, General Code, reads as follows: "Any person, board or officer authorized by this act to file complaints with the county board of revision may complain to the tax commission of Ohio at any time prior to the thirty-first day of December in any year, of the determination of a county auditor respecting the liability of any property to taxation in that year, or its exemption therefrom. The

commission shall hear such complaint and determine whether the property complained of is subject to taxation and certify its findings to the county auditor, who shall correct the tax list and duplicate accordingly.''

Section 5609, General Code, relates to complaints as to the ''valuation or assessment as the same appears upon the tax duplicate of the then current year'' being too high, too low or illegal, whereas Section 5616 confers jurisdiction on the tax commission to hear and determine complaints respecting the liability of any property to taxation for the current year, or its exemption therefrom, and provides that the county auditor shall correct the tax list and duplicate in accordance with the findings of the tax commission.

Section 5610 provides for an appeal to the tax commission from a finding of the county board of revision, and Section 5611-2 provides for the filing of a petition in error in the court of common pleas to reverse, vacate, or modify a finding and order made by the tax commission.

Section 5611-1, General Code, provides that the determination by the tax commission, ''whether in case of an original valuation or other original proceeding of such board, or in case of a determination of an appeal from the decision of a county board of revision, * * * shall become final and conclusive for the current year, unless reversed, vacated, or modified.''

We conclude that Sections 5609 and 5616, General Code, differ in purpose, and that when complaint is made thereto as to the liability of property for **taxation or the** exemption therefrom as determined

by a county auditor the power vested in the tax commission by Section 5616, General Code, is exclusive, and having been exercised in the manner therein provided, its findings cannot be avoided or modified by subsequent action of the county board of revision, the latter board being an inferior tribunal not having jurisdiction to vacate or modify the findings of the tax commission. Any change therein can be accomplished only in the manner provided by statute.

Assuming the facts to be as stated in the petition, our opinion is that the finding and order of the tax commission exempting the property in question from taxation for the year 1930 not having been reversed, vacated or modified, the county board of revision has not jurisdiction to entertain the complaint now pending before it, and which it is proceeding to hear and determine. The petition of relators states facts sufficient to constitute a cause of action and the demurrer is accordingly overruled.

*Demurrer overruled.*

WILLIAMS and RICHARDS, JJ., concur.