Robinson, J.
 

 This action, while it seeks to prohibit the court of common pleas of Meigs county from functioning in the cause there pending, is primarily to prevent the functioning of Fred W. Crow as receiver, or the functioning of any receiver who might be appointed by that court in that proceeding.
 

 In so far as the record discloses, the relator has not availed itself of its right to question in the court of common pleas of Meigs county either the jurisdiction of that court over its person or over the subject-matter of the action. The principle is well estab
 
 *500
 
 listed in Ohio that the extraordinary writ of prohibition may not be employed as a convenient short cut to a final determination of the rights of the litigants; that it may not be employed as a substitute for error, or for the available ordinary adequate remedies.
 

 The court of common pleas is one of general jurisdiction, and is authorized to determine both its jurisdiction over the person and its jurisdiction over the subject-matter of the action, and this court will not presume, in advance of the question being there raised, that such court will determine the question other than in accordance with law.
 
 State, ex rel. Nolan,
 
 v.
 
 Clen Dening,
 
 93 Ohio St., 264, 112 N. E., 1029;
 
 State, ex rel. Faber, Recr.,
 
 v.
 
 Jones et al., Judges,
 
 95 Ohio St., 357, 116 N. E., 456;
 
 State, ex rel. Hartford Life Ins. Co.,
 
 v.
 
 Douds,
 
 96 Ohio St., 604, 118
 
 N.
 
 E., 1086;
 
 State, ex rel. Cleveland Telephone Co.,
 
 v.
 
 Court of Common Pleas of Cuyahoga County,
 
 98 Ohio St., 164, 120 N. E., 335.
 

 We, therefore, without consideration, pass .for the determination of the court of common pleas of Meigs county the question of the sufficiency of the petition filed in that court and its jurisdiction over both the person of the relator and the subject-matter of the action.
 

 It is urged, however, that the provisions of Section 634-2, General Code, confer exclusive power upon the superintendent of insurance to institute actions of the character of the action pending in the Meigs county .court of common pleas, and exclusive jurisdiction in the Court of Appeals and this court to entertain such actions. The court of common pleas having appointed a receiver, the question whether
 
 *501
 
 its jurisdiction in that respect has been curtailed by the provisions of that section is presented. The pertinent provisions of that section read:
 

 “Whenever any such corporation (a) is insolvent; * * * or (e) is found, by the superintendent of insurance to be in such condition that its further transaction of business will be hazardous to its policy holders, or to its creditors, or to the public; * * * the superintendent may, the attorney general representing him, apply to the supreme court or any judge thereof or to the court of appeals of Franklin county or to the court of appeals of the county in which the principal office of such corporation is located for an order directing such corporation to show cause why the superintendent should not take possession of its property and conduct its business, and for such other relief as the' nature of the case and the interests of its policy holders, creditors, stockholders or the public may require.”
 

 Were it not for the infirmities of that section, hereinafter discussed, this court might well reason that it was the purpose of the Legislature in the enactment thereof to provide a special proceeding for the taking over of the property of insurance corporations by the superintendent of insurance and the creation of a special jurisdiction in the Courts of Appeals and in the Supreme Court to hear and determine his application therefor; and that the special remedy so provided, being adequate for the advantage and benefit of the policyholders of the corporation, its creditors, and the public, and the jurisdiction conferred being new, special and ample, that it was the manifest intention of the Legislature to make both the remedy and the jurisdiction exelu
 
 *502
 
 sive, as was held by this court in the case of
 
 State, ex rel. Bettman, Atty. Gen.,
 
 v.
 
 Court of Common Pleas of Franklin County, ante,
 
 269, 178 N. E., 258.
 

 The Legislature, however, in the enactment of Section 634-2, undertook to confer upon the Court of Appeals and this court an original jurisdiction which the Constitution of Ohio has not conferred upon either court. It has been held by this court in numerous cases, beginning with
 
 Cincinnati Polyclinic
 
 v.
 
 Balch,
 
 92 Ohio St., 415, 111 N. E., 159, and consistently ever since, that the jurisdiction of the Court of Appeals and of this court is derived wholly from the Constitution, and that the Legislature is without power to either limit or extend that jurisdiction.
 

 This court had under consideration this identical section in the case of
 
 Hirsch
 
 v.
 
 Conn, Supt. of Ins.,
 
 115 Ohio St., 87, 152 N. E., 185, wherein it was held:
 

 “The Court of Appeals has no authority under Section 634-2, General Code, to entertain an action to take possession of and conduct the business of an insurance company.”
 

 Upon that proposition the court was of one mind, the majority of the court, however, holding that the action there under consideration, while not labeled as a
 
 quo warranto
 
 proceeding, was in fact such, and therefore the Court of Appeals had jurisdiction thereof, conferred by the Constitution; the members not concurring being of opinion that the action was not one in
 
 quo warranto
 
 and therefore the Court of Appeals had no jurisdiction.
 

 We are cited to no other statute, and know of none, which might be construed to limit the general equity jurisdiction of the court of common pleas over mutual benefit insurance corporations. There is a
 
 *503
 
 Section, 9487, General Code, limiting or attempting to limit the right of a member of a fraternal insurance society to invoke the jurisdiction of any court in his own behalf to appoint a receiver for such a society; but eoncededly that section does not apply to a corporation such as the plaintiff corporation.
 

 "Were we to hold that Section 634-2, General Code, must or ought to be construed as conferring exclusive power upon the superintendent of insurance to prosecute an action such as the one sought to be prohibited here, we would be compelled to further hold that the effect of that section is to deprive all courts of jurisdiction to entertain such an action, whether instituted by the superintendent of insurance or by the policyholder, since the power there attempted to be conferred upon the superintendent of insurance as a substitute for the right theretofore existing of a policyholder to invoke in his own behalf the general equity jurisdiction of the court of common pleas was confined to a power to apply for authority to take such corporation over in an original action in the Court of Appeals or in the Supreme Court. Neither of such courts has such original jurisdiction by the Constitution, and neither can receive jurisdiction by legislative enactment.
 

 Section 634-2, General Code, being in violation of Sections 2 and 6 of Article IV of the Constitution of Ohio, the demurrer to the petition will be sustained and the writ denied.
 

 Demurrer sustained and writ denied.
 

 Marshall, C. J., Matthias, Day, Allen and Kinkade, JJ., concur.
 

 J ones, J., not participating.