*289
 
 Ajllen, J.
 

 The plaintiffs in error have stated no question of law, either in their brief or upon oral argument, which could not have been decided with equal justice to the litigants on error proceedings from the judgment of the municipal court. The case would then have had both a hearing in the Court of Appeals and a hearing on motion to certify in this court, if so desired. The question of defect of parties defendant could have been raised by demurrer or answer. Not having been raised, it was waived.
 

 It has been repeatedly stated by this court that a writ of prohibition is not available as a substitute for error proceedings to correct alleged errors made by a court of inferior jurisdiction. It may not be employed as a substitute for error and for the available ordinary adequate remedies.
 
 State, ex rel. Cleveland Telephone Co.,
 
 v.
 
 Court of Common Pleas of Cuyahoga County,
 
 98 Ohio St., 164, 120 N. E., 335; State,
 
 ex rel. Brickell,
 
 v.
 
 Roach, Recr.,
 
 122 Ohio St., 117, 170 N. E., 866;
 
 Marsh
 
 v.
 
 Goldthorpe, Mayor,
 
 123 Ohio St., 103, 174 N. E., 246;
 
 State, ex rel. Knights Templar & Masonic Mutual Aid Assn.,
 
 v.
 
 Common Pleas Court of Meigs County,
 
 124 Ohio St., 493, 179 N. E., 415.
 

 Final judgment was entered against the plaintiff in error Stella K. Frasch, and then, and not until then, did she file her application for a writ of prohibition in the Court of Appeals. A writ of prohibition will be issued only to prevent the commission of a future act, and not to undo an act which is already performed.
 
 State, ex rel. Brickell,
 
 v.
 
 Roach, supra; Marsh
 
 v.
 
 Goldthorpe, Mayor, supra.
 

 It is argued by the plaintiffs in error that this is an important question which should be settled by this court. However the plaintiffs in error saw fit to go to trial in the municipal court upon the issues of the ease, gambling upon the outcome of the controversy.
 

 Under this record, conceding the importance of the
 
 *290
 
 question presented, the plaintiffs in error had an adequate remedy by error proceedings under the statute.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Stephenson, Jones and Matthias, JJ., concur.
 

 Kinkade, J., not participating.