Bell, J.
 

 We start with the premise that a justice of the peace court is one of limited jurisdiction possessing only such powers as are expressly conferred by statute.
 

 The accused was charged, in the warrant, with the commission of a felony. (Section 12467, General Code.)
 

 By the provisions of Section 13422-2, General Code, conditional county-wide jurisdiction is conferred upon justices of the peace in criminal matters, where an affidavit or complaint is filed by the prosecuting attorney, the sheriff, the party injured or any authorized representative of a state or federal department, to inquire into the complaint and either discharge or recognize the accused to appear before the proper court at the time named in such recognizance or otherwise dispose of the complaint as provided by law.
 

 Section 13433-1, General Code, reads as follows:
 

 “When the accused is taken before a court or magistrate and the warrant has been returned, such court or magistrate shall inform him of the charge against him, and of his right to have counsel, and with the consent of the accused, shall have the authority to proceed forthwith to examine into the merits of the
 
 *631
 
 charge; but upon application on behalf of the prosecution or the defense, and for good cause shown, the court or magistrate shall postpone the examination for a reasonable time, not to exceed ten days, except by the consent of both parties. The absence of counsel or material witnesses, shall be held to be reasonable cause for such continuance. Any postponement of the examination herein provided for contrary to the provisions of this section shall have the legal effect of a dismissal of said proceeding for want of prosecution, but in event a proceeding is so dismissed it shall not have the effect of a bar to any further proceeding upon the same charge.”
 

 The pivotal question here turns upon a proper interpretation of that section.
 

 In passing, it.may well be observed that past experience has demonstrated that prosecution too long delayed often amounts to persecution; that to publicly accuse one of crime casts a cloud upon the reputation and standing of the accused in the community, and for that reason it has always been the policy of our law to guarantee the accused a
 
 speedy public trial. We
 
 find such a provision written into the Sixth Amendment to the Constitution of the United States (which applies to prosecutions in federal courts) and into the Constitution of Ohio, Section 10, Article I, which provides in part as follows:
 

 “In any trial, in any court, the party accused shall be allowed * * * a speedy public trial # *
 

 Pursuant to that provision of the Ohio Constitution, the General Assembly has enacted, from time to time, numerous procedural statutes, relating to criminal cases, with the purpose and intent to make effective that constitutional guarantee. (See Sections 13433-1, 13436-23 and 13447-1, General Code.)
 

 
 *632
 
 The section here under consideration is such a statute. _ .
 

 The demurrer admits that the accused did not consent to any postponement but has insisted that the justice examine into and dispose of the charge; and that the justice has informed accused that he proposes to await, before the examination of the criminal charge, the outcome of a civil action between the accused and the prosecuting witness, which was pending and undisposed of in the Court of Common Pleas of Cuyahoga county on the date of the filing of petition herein.
 

 It is apparent from this record that the examination has been postponed from September 18, 1943, the date of the arrest', until at least May 12,1944, the date of the filing of accused’s petition in the Court of Appeals. It is not suggested that any attempt has been made to comply -with the provisions of the statute. The result is that the accused is still laboring under the cloud cast upon him by the charge that he is an embezzler.
 

 Counsel for the justice however argue that the writ was properly denied for the following three reasons:
 

 1. -That the justice may determine his own jurisdiction.
 

 It is elementary that a justice of the peace has such jurisdiction only as is expressly conferred by statute and that the General Assembly, which created such courts and defined their jurisdiction, has inherent power to terminate such jurisdiction. The statute provides that a justice shall upon request postpone the examination not to exceed ten days without the consent of the accused and further that any postponement contrary to the provisions thereof shall have the legal effect of a dismissal of the proceedings.
 

 We are of opinion that by virtue of the language of the statute a justice of the peace loses jurisdiction both of the subject matter and of the person of the ac-
 
 *633
 
 cased, by granting a postponement without the accused’s consent for a period longer than ten days after he is brought before such justice.
 

 2. A writ of prohibition will not lie when relator has an adequate remedy.
 

 No one can quarrel with that statement of the law, but the question here is what is the adequate remedy? It is suggested in the justice’s brief that mandamus or appeal is an adequate remedy.
 

 Let us briefly consider whether either mandamus or appeal would afford an adequate remedy.
 

 In face of the language of the statute, no court would be authorized to issue a writ of mandamus to compel a justice to conduct an examination of a criminal charge after a postponement of more than ten days without the consent of the accused. In such a proceeding the relator would be. met with" the proposition that he was praying that the justice be compelled to do a void act,
 
 i. e.,
 
 to conduct an examination after the cause had been dismissed by force of the language of the statute.
 

 Whether an accused could appeal from the finding of a justice in such preliminary examination would present a grave legal question which is unnecessary of determination here. Upon the facts disclosed by this record there is nothing from which to appeal. The justice has made no order except an order granting postponement. Such an order is not one from which an appeal could be perfected.
 

 3. A writ of prohibition is not available as a substitute for “a proceeding on appeal or error.”
 

 That statement is true. However, we have already concluded that in the instant case there is no judgment or final order from which an appeal could be perfected.
 

 Under the theory advanced by counsel for the jus
 
 *634
 
 tice, one could be charged with a most heinous crime and a justice of the peace could continue the examination for such period of time as suited his fancy irrespective of the provisions of the statute. Meanwhile, the accused would have no remedy except to wait until the justice finally conducted the examination and thereafter prosecute an appeal. Surely such procedure would not afford an adequate remedy;.nor would it harmonize with the constitutional guarantee of a
 
 speedy public trial.
 

 In the case of
 
 State, ex rel. Brickell,
 
 v.
 
 Roach, Recr.,
 
 122 Ohio St., 117, 170 N. E., 866, this court said:
 

 “A writ of prohibition is an extraordinary judicial writ, issuing out of a court of superior jurisdiction, to prevent an inferior court or tribunal from usurping jurisdiction with which it is not legally invested. ”
 

 In the case of
 
 Marsh
 
 v.
 
 Goldthorpe, Mayor,
 
 123 Ohio St., 103, 174 N. E., 246, it was held:
 

 “3. Prohibition is a preventive writ, designed to prevent a tribunal from proceeding in a matter which it is not authorized to hear and determine or in which it seeks to usurp or exercise a jurisdiction with which it has not been invested by law. Being preventive rather than corrective it may only be invoked to prevent the commission of a future act and not to undo an act which is already performed.”
 

 The justice of the peace having lost jurisdiction of the subject matter and of the person of the accused and it being admitted that such justice has threatened to and will exercise jurisdiction at some future time unless prohibited from so doing, we conclude that accused has no adequate remedy at law.
 

 Therefore, the Court of Appeals erred in sustaining the demurrer and dismissing the petition, and such judgment should be and hereby is reversed.
 

 There being- no dispute of fact, this court coming
 
 *635
 
 now to enter the judgment which the Court of Appeals should have entered, hereby renders judgment overruling the demurrer and granting the writ.
 

 Judgment reversed and writ allowed.
 

 Weygandt, C. J., Zimmerman, Turner, Matthias and Hart, JJ., concur.