Wkyoandt, C. J.
 

 The respondent relies on the provisions of several statutes, one of which is Section 13422-5, General Code, reading as follows:
 

 “The Court of Common Pleas shall have original jurisdiction of all crimes and offenses, except in cases of minor offenses, the exclusive jurisdiction of which is vested in courts inferior to the Court of Common Pleas.”
 

 And Section 13422-2, General Code, reads in part as follows .-
 

 “A justice of the peace shall be a conservator of the peace and have jurisdiction in criminal cases * * * to cause a person, charged as aforesaid with the commission of a felony or misdemeanor, to be arrested and brought before himself or another justice of the
 
 *467
 
 peace, and, if such person is brought before him, to inquire into the complaint and either discharge or recognize him to be and appear before the proper court at the time named in such recognizance or otherwise dispose of the complaint as provided by law. * * Provided, further, however, that justices of the peace shall have jurisdiction within their respective counties in all cases of violation of any law relating to:
 

 t i # # # J ?
 

 Then follow 18 paragraphs specifying the various offenses within the jurisdiction of justices of the peace. None of these is the offense here involved.
 

 It is the contention of the respondent that this enumeration of offenses is simply supplementary to the indefinite provisions of Section 13422-5,
 
 supra,
 
 which provisions, he insists, confer a general jurisdiction on justices of the peace. A careful study of this statute and the context discloses no basis for this view. This is indicated clearly by the language of cognate Section 13433-10, General Code, which is as follows:
 

 “When the accused is brought before the magistrate and there is no plea of guilty, he shall inquire into the complaint in the presence of such accused. If it appear that an offense has been committed, and there is probable cause to believe the accused guilty, he shall order him to enter into a recognizance with good and sufficient surety, in such amount as he deems reasonable, for his appearance at a proper time and before the proper court, otherwise, he shall discharge him from custody. If the offense charged is a misdemean- or, and the accused in a writing subscribed by him and filed before or during the examination, waive a jury and submit to be tried by the magistrate, he may render final judgment.”
 

 Furthermore, Section 13433-18, General Code, reads in part as follows:
 

 
 *468
 
 “In cases where the defendant is held to answer, a transcript of the proceedings, including a copy of the complaint, with any recognizance taken in the case, shall be foi’warded forthwith to the clerk of the court in which the accused is to appear. ’ ’
 

 In this case the relator did not “waive a jury and submit to be tried by the magistrate” so that the respondent could “render final judgment.” On the contrary the relator waived a preliminary hearing and requested the respondent to refer the matter to the grand jury in the Court of Common Pleas. Under the circumstances the Court of Appeals was correct in holding that the respondent is without jurisdiction to make a final determination of the guilt or innocence of the relator under this charge of violating the provisions of Section 6319-3
 
 et seq.,
 
 General Code.
 

 It must be remembered that a justice’s court is a tribunal of limited jurisdiction, possessing only such powers as are conferred expressly by statute.
 
 State, ex rel. Micheel,
 
 v.
 
 Vamos,
 
 144 Ohio St., 628, 60 N. E. (2d), 305; 24 Ohio Jurisprudence, 394, Section 192.
 

 The respondent urges further that a writ of mandamus is not available to the relator inasmuch as he is seeking to control the judicial discretion of the respondent justice of the peace. One difficulty with this contention is that under these circumstances there is no judicial discretion to be exercised. The law requires the respondent to do but one thing, namely, to perform the ministerial act of referring the charges against the relator to the grand jury in the Court of Common Pleas. As defined by Section 12283, General Code, mandamus is a writ issued in the name of the state to an inferior tribunal, corporation, board or person, commanding the performance of an act which the law specially enjoins as a duty resulting from an office, trust or station.
 

 
 *469
 
 The judgment of the Court of Appeals is not erroneous and must be affirmed.
 

 Judgment affirmed.
 

 Zimmerman, Stewart, Middleton, Taet, Matthias and Hart, JJ., concur.