Taft, C. J.
We have considerable doubt about the conclusion of the Court of Appeals, that the judgment rendered in favor of Mrs. Claxton “against ‘Gertrude Simons’ was entered without jurisdiction” over the person of Mrs. Balogh and so was “void” as a judgment against Mrs. Balogh. State, ex rel. American Union Telegraph Co., v. Bell Telephone Co. (1880), 36 Ohio St., 296, 38 Am. Rep., 583; Maloney v. Callahan (1933), 127 Ohio St., 387, 188 N. E., 656; Aldrich v. Friedman (1923), 18 Ohio App., 302. See Moriarty v. Westgate Center, Inc. (1961), 172 Ohio St., 402, 176 N. E. (2d), 410; Burton v. Buckeye Ins. Co. (1875), 26 Ohio St., 467. But see Uihlein v. Gladieux (1906), 74 Ohio St., 232, 78 N. E., 363. However, we do not believe it necessary to consider whether the Court of Appeals was correct in that conclusion. The precise question that the Court of Appeals answered in favor of Mrs. Balogh in reaching that conclusion had previously been raised by Mrs. Balogh’s motion to vacate the judgment, and it had been determined against Mrs. Balogh by the order of the Common Pleas Court overruling her motion.
An order overruling a motion to vacate a default judgment is a final appealable order. See Cox v. Cox (1922), 104 Ohio St., 611, 136 N. E., 823.
The defendant insurer contends, however, that Mrs. Balogh could not have appealed from the order overruling her motion to vacate the default judgment in favor of Mrs. Claxton against Mrs. Simons because she had not been made a party to the action in which it was made. By filing the motion to vacate the default judgment against Mrs. Simons, Mrs. Balogh, as Mrs. Balogh, participated in the action as a party. No one objected to her so participating as a party. It is elementary that the right to object to a person participating as a party in an action is waived if not raised at the earliest opportunity. 41 Ohio Jurisprudence (2d), 519, Section 52. Furthermore, Mrs. Balogh would be estopped by that participation from later making the inconsistent contention that she was not a party at the time when the court made its order overruling her motion to vacate the default judgment. See State, ex rel. Brickell, v. Roach, Recr. (1930), 122 Ohio St., 117, 170 N. E., 866.
Mrs, Balogh did not appeal from that order, It is now too *337 late for her to attack it directly; and she could not attack it collaterally.
Of course, as the Court of Appeals pointed out in its opinion, if the judgment against Mrs. Simons did not represent a valid judgment against Mrs. Balogh because the court had acquired no jurisdiction over Mrs. Balogh’s person before it rendered that judgment, then Mrs. Balogh’s filing of a motion to vacate that judgment would not cause it to become a valid judgment against her. Hayes v. Kentucky Joint Stock Land Bank of Lexington (1932), 125 Ohio St., 359, 181 N. E., 542. However, where a person appears in an action for the purpose of contending that a judgment is void as a judgment against him, such person thereby submits to the court for its determination the question whether such judgment is or is not void as a judgment against him; and, if the court determines that such judgment is not void as a judgment against him, even though that determination is erroneous on the facts and on the law, the determination is res judicata between the parties and can only be attacked directly by an appeal therefrom. Baldwin v. Iowa State Traveling Men’s Assn. (1931), 283 U. S., 522, 75 L. Ed., 1244, 51 S. Ct., 517; Restatement of the Law, Judgments, 50, Section 9; 50 Corpus Juris Secundum, 182, Section 714.
In our opinion, therefore, the foregoing judgment against Mrs. Simons now is a valid judgment against Mrs. Balogh; and, in view of the stipulation agreed to by defendant insurer and of the provisions of Section 3929.06, Revised Code, judgment should be rendered against the defendant insurer on the second supplemental petition.
It follows that the judgment of the Court of Appeals must be reversed and that of the Common Pleas Court affirmed.

Judgment reversed.

Zimmerman, Matthias, O’Neill, Griffith, Herbert and Gibson, JJ., concur.