109

THE STATE, EX REL. FERREBEE, ADMX., *v.* COURT OF APPEALS, FOURTH APPELLATE DISTRICT.

(No. 41419—Decided April 24, 1968.)

**110**

*Messrs. Rowland, Bridgewater & Robe,* for relator.
*Mr. Samuel B. Erskine,* for respondent.

*Per Curiam.* Plaintiff by this action seeks to prevent the Court of Appeals from ruling on defendant's appeal from the ruling of the Court of Common Pleas by which his motion for a new trial was expunged. A writ of prohibition is an extraordinary judicial writ, which the Supreme Court is empowered to issue by Section 2 of Article IV of the Constitution, to prevent an inferior court or tribunal from usurping or exercising jurisdiction with which it is not legally invested. Prohibition will be awarded only where the lower court lacks jurisdiction to act in the matter. *State, ex rel. Brickell,* v. *Roach* (1930), 122 Ohio St. 117, 170 N. E. 866; *State, ex rel. Winnefeld,* v. *Court of Common Pleas* (1953), 159 Ohio St. 225, 112 N. E. 2d 27.

Section 6 of Article IV of the Constitution grants the Court of Appeals jurisdiction to "review, affirm, modify, set aside, or reverse judgments or final orders of * * * courts of record inferior to the Court of Appeals within the district * * *."

The order of the trial court, striking and expunging from the record defendant's motion for new trial, necessarily results in a final judgment against defendant, and was, therefore, a final order. Thus, the Court of Appeals had jurisdiction to entertain defendant's appeal. See *Klein* v. *Bendix-Westinghouse Co.* (1968), 13 Ohio St. 2d 85, 234 N. E. 2d 587, for a recent pronouncement on what constitutes a final order. Therefore, the demurrer to the petition is sustained and the writ is denied.

*Writ denied.*

TAFT, C. J., ZIMMERMAN, MATTHIAS, TROOP, HERBERT, SCHNEIDER and BROWN, JJ., concur.