102

THE STATE, EX REL. STEFANICK, APPELLANT, *v.* MUNICIPAL COURT OF MARIETTA ET AL., APPELLEES.

(No. 69-560—Decided February 18, 1970.)

Mr. *Jerry Gordon,* for appellant.
Mr. *Paul G. Bertram, Jr.,* city solicitor, for appellees.

*Per Curiam.* The appellant recites numerous errors alleged to have been committed by the appellees during the course of the civil suit which gave rise to the attempted levy. It is argued that these errors were of constitutional dimensions and were sufficient to deprive the Municipal Court of jurisdiction to hear the civil suit, to enter a judgment against the appellant and to enter an order of levy to the bailiff.

The validity of appellant's allegations of error in the civil suit need not be examined in the case at bar. Even if it is assumed that there was error committed which deprived the Municipal Court of jurisdiction in the civil suit, the sole question presented in this case is whether a writ of prohibition may issue to prohibit execution on the civil judgment and to prohibit and restrain the criminal prosecution of the appellant.

Appellant is charged with violating Section 2917.33, Revised Code, which provides, in part:

"No person shall * * * knowingly and willfully resist, obstruct, or abuse a sheriff, or other officer in the execution of his office."

It is well settled that if a court is without subject matter jurisdiction it has no power to enforce an order or decree rendered by it, and punishment in contempt may not be imposed for a violation of that order or decree. See *In re Petition of Green* (1962), 369 U. S. 689, 8 L. Ed. 2d 198; *United States* v. *United Mine Workers* (1947), 330

U. S. 258, 91 L. Ed. 884; *In re Cattell* (1945), 146 Ohio St. 112, 64 N. E. 2d 416; *State, ex rel. Beil*, v. *Dota* (1958), 168 Ohio St. 315, 154 N. E. 2d 634, certorari denied (1959), 360 U. S. 912, 3 L. Ed. 2d 1261. If appellant were charged with contempt for disobeying a court order or decree, and the court had lacked jurisdiction to issue that order to her, then prohibition could be proper to restrain the imposition of punishment for that disobedience. In this case, however, the order of levy was issued to the bailiff, not to the appellant. Moreover, appellant is charged with violating a specific statute, not with contempt of a direct court order.

If an act in violation of Section 2917.33, Revised Code, is committed within the territorial limits of a Municipal Court, that court has jurisdiction of the violation. Sections 1901.20 and 2931.04, Revised Code. Nothing in the record of this case indicates that the Marietta Municipal Court lacks jurisdiction to act in a matter involving an alleged violation of Section 2917.33, Revised Code. A writ of prohibition will be allowed only in the absence of a plain and adequate remedy in the ordinary course of the law and where the action complained of represents either a clear usurpation of judicial power or the assumption of jurisdiction where none exists. *State, ex rel. Ferrebee*, v. *Court of Appeals* (1968), 14 Ohio St. 2d 109, 236 N. E. 2d 559; *State, ex rel. Staton*, v. *Common Pleas Court* (1965), 5 Ohio St. 2d 17, 213 N. E. 2d 164; *State, ex rel. Jackman*, v. *Court of Common Pleas* (1967), 9 Ohio St. 2d 159, 224 N. E. 2d 906; *State, ex rel. Winnefeld*, v. *Court of Common Pleas* (1953), 159 Ohio St. 225, 112 N. E. 2d 27; *State, ex rel. Brickell*, v. *Roach* (1930), 122 Ohio St. 117, 170 N. E. 866.

Prohibition is a preventive writ rather than a corrective remedy and is designed to prevent a tribunal from proceeding in a matter which it is not authorized to hear and determine. *State, ex rel. Ferrebee*, v. *Court of Appeals, supra; State, ex rel. Ray*, v. *Burns* (1963), 174 Ohio St. 543, 191 N. E. 2d 153. It cannot be used to review the regularity of an act already performed. *State, ex rel. Hawke*, v. *Weygandt* (1947), 148 Ohio St. 453, 75 N. E. 2d

691; *State, ex rel. Relyea,* v. *Schoonmaker* (1946), 147 Ohio St. 215, 70 N. E. 2d 454; *State, ex rel. Maysville Bridge Co.,* v. *Quinlan* (1931), 124 Ohio St. 658, 181 N. E. 880. Even if it is assumed that the civil judgment and the order of levy were unlawful, the record in this case discloses that the civil suit has already gone to judgment and the time allowed to appeal that judgment has elapsed. Appellant cannot use prohibition as a substitute for appeal.

For the reasons stated, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

Taft, C. J., Matthias, Schneider, Herbert, Duncan and Corrigan, JJ., concur.

O'Neill, J., not participating.