THE STATE, EX REL. STARK, *v.* SUMMIT COUNTY COURT OF COMMON PLEAS ET AL.

[Cite as State, ex rel. Stark, *v.* Summit Cty. Court of Common Pleas (1987), 31 Ohio St. 3d 324.]

(No. 87-412—Decided July 29, 1987.)

*J. Norman Stark, pro se.*

*George W. Spittal,* for respondents Lewis W. Baker and Elizabeth V. Baker.

*Lynn C. Slaby,* prosecuting attorney, and *Evan J. Palik,* for respondent Court of Common Pleas of Summit County.

*Per Curiam.* In this case, relator seeks a peremptory writ of prohibition to prevent the Summit County trial court from taking any further action in case No. CV 84-2-0562.

The writ of prohibition is a high prerogative writ to be used with great caution in the furtherance of justice and only where there is no other regular, ordinary, and adequate remedy. *State, ex rel. Nolan,* v. *ClenDening* (1915), 93 Ohio St. 264, 112 N.E. 1029; *State, ex rel. Garrison,* v. *Brough* (1916), 94 Ohio St. 115, 113 N.E. 683; *State, ex rel. Emery-Thompson Mach. & Supply Co.,* v. *Jones* (1917), 96 Ohio St. 506, 118 N.E. 115. As is the case with an alternative writ, a peremptory writ of prohibition should not be issued on the pleadings in the absence of extraordinary circumstances. See Section 3, Rule VIII of the Supreme Court Rules of Practice.

The record in this case indicates that the Bakers have engaged in a continuing and vexatious abuse of the judicial process by instituting duplicative proceedings in multiple jurisdictions. We find that those actions constitute such extraordinary circumstances that the issuance of a peremptory writ of prohibition is justified.

The Bakers' motion to dismiss is hereby denied. In view of the continuing abuse of process evidenced by the proceedings below, and in the furtherance of judicial economy, we find that good cause has been shown for relator's motion for summary judgment, and that motion is granted.

A peremptory writ of prohibition is hereby allowed.

*Writ allowed.*

MOYER, C.J., SWEENEY, LOCHER, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.