Michael A. Burns, respondent-appellant, appeals a July 10, 1998 judgment of the Franklin County Court of Common Pleas, Juvenile Division, terminating child support and finding a child support arrearage of $6,131.92, to be liquidated at a rate of $100 per month, plus processing charge.
On April 29, 1987, the parties were divorced in Nevada, and appellee was given custody of the parties' two children born of their marriage. The Nevada decree of divorce ordered child support of $250 per month, per child, to commence six months after appellant's release from prison. On March 12, 1991, appellee filed a petition under the Uniform Reciprocal Enforcement of Support Act ("URESA") in Clark County, Nevada, seeking child support and arrearages for the parties' two children based upon enforcement of the Nevada decree of divorce. The URESA petition was subsequently transmitted and filed in the Franklin County Court of Common Pleas, Juvenile Division, on May 20, 1991. On August 24, 1992, the Franklin County Court of Common Pleas, Juvenile Division, dismissed the URESA action because the Nevada court lacked personal jurisdiction over appellee and could not issue a valid support order.
On July 7, 1993, appellee filed a second URESA petition in the Franklin County Court of Common Pleas, Juvenile Division, requesting that the Franklin County Court of Common Pleas set a new support order pursuant to the Ohio Child Support Guidelines. On September 2, 1993, appellant and a representative from the Franklin County Child Support Enforcement Agency ("CSEA") appeared before a referee (hereinafter referred to as "magistrate"), and appellant moved to dismiss the petition. Appellant specifically argued that: (1) res judicata prohibited appellee from filing a second URESA petition after the initial petition had been dismissed previously; (2) Nevada never acquired jurisdiction in order to grant custody of the children to appellee through a divorce decree because a petition for divorce had previously been filed in Kansas in 1981; (3) Ohio did not have jurisdiction to issue a support order because Nevada did not have personal jurisdiction over appellee and, thus, could not grant custody to appellee; and (4) Ohio could not issue a support order because there had been a wrongful taking by appellee.
On October 15, 1993, the magistrate filed a report and recommendation. The magistrate found that res judicata did not bar appellee's filing of a second URESA petition because the second petition sought Franklin County to establish a new support order and did not seek to enforce an existing order, which had been the relief sought in the first URESA petition. Further, the magistrate found that Ohio had proper jurisdiction to issue a new support order pursuant to appellee's URESA petition. Appellant filed objections to the magistrate's report and recommendation.
On May 5, 1994, the trial court issued a decision on appellant's objections, finding that: (1) the filing of the second URESA petition was not bared by res judicata; (2) Nevada had jurisdiction to grant the parties' divorce despite the filing of a divorce action in Kansas in March 1981; and (3) Ohio could properly rely on the Nevada decree because Nevada had jurisdiction to determine the custody of the parties' minor children pursuant to the decree of divorce. The court overruled appellant's objections, but it remanded to the magistrate the issue of child support.
On June 6, 1994, appellee filed a notice of appeal with this court, appealing the May 5, 1994 decision of the trial court. On June 26, 1994, we dismissed appellant's appeal because the order was not a final appealable order due to the trial court's remanding of the matter to the magistrate for a determination of appellant's parental responsibilities regarding child support.
On October 20, 1994, respondent and a representative from CSEA appeared before the magistrate for a hearing on the URESA petition. The magistrate filed a report on November 25, 1994, and appellee filed objections to that report on December 9, 1994. On April 5, 1995, the trial court issued a decision on appellee's objections and ordered that appellant pay $133 per month, per child, plus processing charge from July 7, 1993 to October 12, 1993, and $129 per month, per child, plus processing charge, effective October 12, 1993. Neither party appealed the decision.
On June 22, 1998, CSEA held a termination investigation and recommended that child support be terminated retroactively on January 3, 1994, for Trisha Burns and July 25, 1997, for Branden Burns. CSEA also found that appellant had paid no child support from September 7, 1993 to July 25, 1997, and recommended that the child support arrearage of $6,131.92 be liquidated at a rate of $100 per month, plus processing charge. No objections were filed to this recommendation of CSEA.
On July 10, 1998, the trial court issued an entry terminating the ongoing child support, due to the emancipation of the children, and approving and adopting the recommendations of CSEA. Appellant appeals this entry.
On November 23, 1998, appellant filed a motion to amend his brief, in which he requested that he be permitted to reassign "issues" two, three, and four as assignments of error and to withdraw "issues" five and six. On November 27, 1998, this court granted appellant's motion to amend his brief. On March 3, 1999, appellant filed a motion for leave to file a supplemental argument to his brief, which the court granted on March 18, 1999. Appellant assigns the following five assignments of error:
ASSIGNMENT OF ERROR NUMBER ONE
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FINDING A DUTY TO SUPPORT OWED, THEREBY FUTHER INFRINGING UPON THE CONSTITUTIONAL AND SUBSTANTIVE CONSTITUTIONAL RIGHTS OF APPELLANT.
ASSIGNMENT OF ERROR NUMBER TWO
THE TRIAL COURT ERRED BY NOT REMEDYING THE WRONG.
ASSIGNMENT OF ERROR NUMBER THREE
 THE TRIAL COURT ERRED WHEN IT DEFEATED THE PURPOSE OF URESA.
ASSIGNMENT OF ERROR NUMBER FOUR
 THE TRAIL [sic] COURT ERRED WHEN IT DETERMINED THE AMOUNT OF SUPPORT DUE.
ASSIGNMENT OF ERROR NUMBER FIVE
 THE TRIAL COURT LACKED JURISDICTION TO ENTERTAIN AN ACTION UNDER THE UNIFORM RECIPRICOL ENFORCEMENT SUPPORT ACT (URESA).
Appellant's assignments of error will be addressed together because they are related. Appellant appeals the July 10, 1998 judgment of the trial court in which the court terminated support and set an arrearage amount to be liquidated by appellant. However, none of his assignments of error relate to this judgment. Rather, appellant's five assignments of error relate to issues that were determined by the trial court in decisions rendered on May 5, 1994 and April 5, 1995. A review of the record reveals that appellant failed to properly appeal these decisions.
The April 5, 1995 decision was a final appealable order to which appellant could have appealed in order to attack the trial court's determinations made in the May 5, 1994 and April 5, 1995 decisions. A "final order" is defined as one which affects a substantial right and was entered in a "special proceeding." R.C. 2505.02. An order entered in a special proceeding is a judgment filed in an action which was not recognized at common law or in equity but was specifically created by statute. See Polikoff v. Adam (1993), 67 Ohio St.3d 100, syllabus. Subsequent to its decision in Polikoff, the Ohio Supreme Court ruled that juvenile court proceedings are special proceedings. State ex. rel. Fowler v. Smith (1994), 68 Ohio St.3d 357,360; see, also, State ex. rel. Dixon v. Clark Cty.Court of Common Pleas, Juv. Div. (1995), 103 Ohio App.3d 523,527. Therefore, these actions occurred in a special proceeding.
An order of child support must become a fixed and certain liability before it can be said to affect a "substantial right." See State of Ohio ex rel. Steele v. Lees (Mar. 26, 1998), Meigs App. No. 97CA06, unreported. In the present case, the April 5, 1995 order set a permanent child support obligation that was a fixed and certain liability. Therefore, the court's decision affected a substantial right. Because the April 5, 1995 decision affected a substantial right and was rendered in a special proceeding, it was a final appealable order. We also note that the clerk of courts stamped the April 5, 1995 entry indicating that it was a final appealable order.
Thus, appellant failed to appeal the final appealable order rendered on April 5, 1995. An appellant who fails to challenge a final appealable order within thirty days of the decision as provided by App.R. 4(A) waives all rights of review. SeeDayton Women's Health Ctr. v. Enix (1990), 52 Ohio St.3d 67.
The issues raised in appellant's first, second, third, and fifth assignments of error were addressed by the trial court in its May 5, 1994 decision. This decision was interlocutory in nature because it determined only the issues of res judicata
and jurisdiction, but it remanded the central issue of child support to the magistrate. Being interlocutory in nature, the trial court's determinations were not subject to appeal at that time. However, once the trial court issued the final appealable order regarding child support on April 5, 1995, the May 5, 1994 interlocutory order was merged into the final appealable order, and appellant could have appealed such determinations. SeeHorner v. Toledo Hosp. (1993), 94 Ohio App.3d 282, 289. Appellant failed to appeal the April 5, 1995 decision and, thus, he may not attempt an untimely challenge to the findings of the May 5, 1994 decision by appealing the child support termination entry nearly three and one-half years later.
In his fourth assignment of error, appellant argues that the trial court erred in determining the amount of his monthly child support obligation. The trial court addressed this issue and determined the amount of child support in its April 5, 1995 decision. However, as indicated above, because he failed to appeal the final appealable order issued on April 5, 1995, he is precluded from raising this argument in his appeal of the termination entry.
Therefore, we conclude that the April 5, 1995 decision was a final appealable order and, no appeal having been taken within thirty days therefrom, all the matters which could have been reviewed had an appeal been taken from such order have now become res judicata and are not reviewable in a subsequent appeal taken from the final termination entry. See Grava v.Parkman Twp. (1995), 73 Ohio St.3d 379, syllabus.
Notwithstanding the fact that the appellant failed to present any argument as to the July 10, 1998 entry to which he appealed, a review of the termination entry fails to reveal the existence of any reversible error in the trial court's determination that child support should be terminated and that appellant's arrearage was $6,131.92, to be liquidated at $100 per month. Attached to the termination investigation findings and recommendation completed by CSEA was a printout compiled by CSEA showing that appellant had failed to pay any child support since the effective date of the order on July 7, 1993, and that his arrearage total was $6,131.92 as of the date of the hearing. We also note that appellant failed to file objections to these findings by CSEA. We find the trial court did not err in determining the arrearage of $6,131.92 and ordering such amount to be liquidated at the rate of $100 per month.
Accordingly, appellant's assignments of error are overruled, and the July 10, 1998 judgment of the Franklin County Court of Common Pleas, Juvenile Division, is affirmed.
Judgment affirmed.
TYACK, J, and LAZARUS, P.J., concur.