DECISION AND JUDGMENT ENTRY
Appellee has filed a motion to dismiss this appeal for the reason that there is no final order from which an appeal may be taken. Despite the fact that appellee has cited no law to support his motion, the court's own research leads us to the conclusion that appellee is correct.
This is a parentage action filed by appellee, Patrick T., in which he asked the juvenile court to determine that he is the father of Matthew L., defendant-appellant Michelle L.'s son, and to determine custody, visitation and companionship issues. On August 3, 1999, the trial court issued a Judgment Entry which states:
 "IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED, Plaintiff Patrick T. is named the natural and biological parent of the minor child named Matthew L. (DOB 8/16/96).
 "IT IS FURTHER ORDERED the issues of visitation and companionship and custody originally raised by the Plaintiff in his Motion filed July 23, 1996 shall be addressed by the court at a hearing to be set in the future."
An order which determines paternity but defers resolution of the issue of child support is not a final appealable order. State exrel. Dixon v. Clark Cty. Court of Common Pleas, Juv. Div. (1995),103 Ohio App.3d 523 at 528. See, also, Mullins v. Roe (May 15, 1998), Scioto App. No. 97CA2518, unreported; Nwabara v. Willacy
(June 13, 1996), Cuyahoga App. No. 69786, unreported; Adams v.Jett (Feb. 10, 1995), Montgomery App. No. 14636, unreported; Stateex rel. Lawrence Co. Child Support Enforcement Agency v. Ward
(Nov. 18, 1996), Lawrence App. No. 95CA40, unreported; and Stateex rel. Steele v. Lees (Mar. 26, 1998), Meigs App. No. 97CA06, unreported. In the instant case, the issues of custody, visitation and companionship remain pending in the trial court. By analogy to, and for the reasons enumerated in, the cases cited above, we hold that where there is a determination of paternity but issues of support, visitation and companionship, or custody remain pending, the determination of paternity is not final and appealable.
Accordingly, the motion to dismiss is granted and this appeal is dismissed at appellant's costs.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Peter M. Handwork, P.J.
 Melvin L. Resnick, J.
 James R. Sherck. J.
CONCUR.