OPINION
Defendant-appellant, Lori Jo Pearn, n/k/a Lori Kaiser, appeals from the July 2, 1999 judgment entry of the Cuyahoga County Court of Common Pleas, Juvenile Division, in which the court, inter alia, designated plaintiff-appellee, Scott E. Berends, the sole residential and custodial parent of the parties' minor child, Hanna Rae Berends, suspended appellee's child support payments to appellant and set forth a visitation schedule with the minor child. We dismiss for lack of a final appealable order.
Appellant and appellee are the biological parents of Hannah Rae Berends, born on July 18, 1996. Because appellant would not acknowledge appellee's parental rights, however, appellee commenced this action in the Cuyahoga County Juvenile Court on August 28, 1996 to establish a father/child relationship between him and Hannah, allocate the parties' parental rights and responsibilities and provide for Hannah's support. Both parties filed numerous pleadings over the next two years; eventually, on December 3, 1998, the juvenile court issued a judgment entry designating appellee as the residential parent and legal custodian of Hannah, ordering appellee to pay child support to appellant and setting forth a visitation schedule.
Over the next several months, however, both parties filed various motions asserting that the other party had violated the terms of the December 3, 1998 entry. On December 22, 1998, appellee filed a motion to modify child support; on January 10, 1999, appellee filed a motion to modify visitation and on April 3, 1998 and January 21, 1999, appellee filed motions to show cause. Appellant similarly filed a motion to show cause on December 31, 1998 and a motion to dismiss on April 5, 1999.
The motions were set for hearing by the court on May 10, 1999, but the parties apparently resolved their differences before the hearing. Therefore, in its judgment entry filed July 2, 1999, the juvenile court stated:
 The Court finds that the parties have resolved their differences by agreement, the terms of which are set forth in this entry.
 The Court finds, with respect to the plaintiff's Motion to Modify Visitation, that the parties have agreed to abide by the recommendations of Dr. Sandra McPherson as set forth in her letter dated March 18, 1999 * * *.
 The Court further finds that the plaintiff has withdrawn, without prejudice, all of his Motions to Show Cause.
 The Court further finds that the defendant has withdrawn, without prejudice, all of her Motions to Show Cause.
 The Court further finds that the defendant's Motion to Dismiss filed on April 5, 1999 is moot.
 The Court further finds that the parties have agreed to pass to further hearing the plaintiff's Motion to Modify Child Support. (Emphasis added).
The entry then set forth the court's various orders regarding custody, visitation, and medical, dental and other care of Hannah. In addition, the court expressly ordered that "plaintiff's motion to modify child support filed on December 22, 1998 shall be passed to further hearing." The court ordered that appellee's child support payments to appellant be "suspended" until final hearing on appellee's motion to modify child support.
Appellant timely appealed from this order, assigning three assignments of error for our review:
 I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SUSPENDED CHILD SUPPORT.
 II. THE TRIAL COURT ABUSED ITS DISCRETION BY ORDERING VISITATION THAT REQUIRES A THREE-YEAR-OLD GIRL TO BE TRANSPORTED SIX HOURS THREE CONSECUTIVE FRIDAYS AND RETURNED 48 HOURS LATER IN ANOTHER SIX-HOUR AUTOMOBILE TRIP.
 III. THE TRIAL COURT ABUSED ITS DISCRETION IN ALLOCATING THE PARENTAL RIGHTS AND RESPONSIBILITIES FOR THE CARE OF THE CHILD.
In light of the juvenile court's order expressly deferring determination of appellee's support obligations to a later date, prior to considering the merits of this appeal, this court must determine whether it has jurisdiction.
Pursuant to Section 3(B)(2), Article IV of the Ohio Constitution, the courts of appeals may entertain appeals only from final judgments or orders of a trial court. State v. Matthews
(1998), 81 Ohio St.3d 375. R.C. 2505.02, in pertinent part, defines "final order":
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 (3) An order that vacates or sets aside a judgment or grant a new trial;
 (4) An order that grants or denies a provisional remedy * * *;
 (5) An order that determines that an action may or may not be maintained as a class action.
Several of the above statutory provisions are obviously not applicable to this case. The July 2, 1999 judgment entry obviously does not determine the entire action in this case because the trial court specifically postponed a determination of appellee's motion to modify child support until a later date. Similarly, the entry does not vacate or set aside a judgment or grant a new trial, nor grant or deny a provisional remedy. Finally, the July 2, 1999 entry does not determine whether or not the action may proceed as a class action. Accordingly, R.C. 2505.02(B)(1), (3), (4) and (5) do not apply in this instance.
The question, however, is whether the trial court's order is one that affects a substantial right made in a special proceeding. For purposes of R.C. 2505.02, "[a] `substantial right' is a legal right enforced and protected by law." State ex rel. Hughes v.Celeste (1993), 67 Ohio St.3d 429, 430. A special proceeding is an action created by statute and not recognized in common law or in equity. Polikoff v. Adam (1993), 67 Ohio St.3d 100, 107. "It is the underlying action that is to be examined to determine whether an order was entered in a special proceeding, and not the order itself which was entered within that action." Walters v.The Enrichment Ctr. of Wishing Well, Inc. (1997), 78 Ohio St.3d 118,123.
Here, the underlying action is one to determine parentage, with ancillary issues of child custody and support. The Ohio Supreme Court has indicated that parentage actions are special statutory proceedings. State ex rel. Fowler v. Smith (1994),68 Ohio St.3d 357, 360. A judgment related to paternity does not affect a substantial right, however, until there is both a judgment establishing paternity and a support order based on that judgment. Mullins v. Roe (May 15, 1998), Scioto App. No. 97CA2518; Adams v. Jett (Feb. 10, 1995), Montgomery App. No. 14636, unreported. See, also, State ex rel. Wilkerson v. Truss
(May 13, 1999), Cuyahoga App. No. 75029, unreported; Marsh v. Clay
(July 20, 1995), Cuyahoga App. No. 67854, unreported; Nwabara v.Willacy (May 6, 1994), Cuyahoga App. No. 65450, unreported; Stateex rel. Dixon v. Clark Cty. Court of Common Pleas, JuvenileDivision (1995), 103 Ohio App.3d 523, 527-528.
Although the trial court determined parentage and custody in this action, in its July 2, 1999 entry, the juvenile court expressly deferred determination of appellee's claim regarding child support until a later date. Accordingly, the juvenile court has not entered a final appealable order pursuant to R.C.2505.02(B) and this court lacks jurisdiction to consider appellant's appeal.
Accordingly, appellant's appeal is dismissed.
This appeal is dismissed.
It is, therefore, ordered that appellees recover from appellant their costs herein taxed.
It is ordered that a special mandate be sent to the Juvenile Court directing said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
O'DONNELL, P.J. and ROCCO, J., CONCUR.
 _________________________________ TIMOTHY E. McMONAGLE JUDGE