DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of the Huron County Court of Common Pleas, Juvenile Division, that barred appellant's use of the defense of laches and estoppel against appellee's action for child support. For the reasons that follow, we hereby dismiss this appeal for lack of jurisdiction.
 {¶ 2} Following appellee's complaint to establish paternity and subsequent genetic testing in 2001, appellant Alan R. L. was found to be the natural father of a child born to appellee in 1984. The parties were not then, and never have been, married to one another. At a hearing held in February 2002, the trial court named appellee residential parent and legal custodian of the minor child. In response to appellee's request for child support back to the child's date of birth, appellant asserted that the doctrines of laches and estoppel prevented such a claim. In a decision filed March 29, 2002, the magistrate barred the defense of laches and estoppel and continued the matter for trial on the issue of child support. Appellant filed objections to the magistrate's decision and by judgment entry filed June 3, 2002, the trial court found the objections not well-taken and ordered that the defense of laches and estoppel be barred. Appellant filed a timely appeal from the trial court's judgment, asserting that the defense of laches should not be barred.
 {¶ 3} Prior to considering the merits of this appeal, however, this court must determine whether it has jurisdiction. Appellate jurisdiction is expressly limited to review of "final orders." Section 3(B)(2), Article IV of the Ohio Constitution; R.C. 2505.03(B).
 {¶ 4} It is well established that in actions to determine paternity and support as in the case before us, the juvenile court's judgment is not final until paternity and all support issues raised have been fully adjudicated. See, e.g., Nwabara v. Willacy (June 13, 1996), Cuyahoga App. No. 69786, unreported, at 1-2, appeal dismissed (1996),77 Ohio St.3d 1487; Nwabara v. Willacy (May 6, 1994), Cuyahoga App. No. 65450, unreported, at 3-5, appeal dismissed (1994), 70 Ohio St.3d 1465;Marsh v. Clay (July 20, 1995), Cuyahoga App. No. 67854, unreported, at 2-3; State ex rel. Dixon v. Clark Cty. Court of Common Pleas, Juv. Div. (1995), 103 Ohio App.3d 523, 527-528.
 {¶ 5} Based on our review of the record of proceedings in the trial court and the law, we find that the juvenile court's order barring the defense of laches and estoppel but retaining jurisdiction to determine the support issue was neither final nor appealable.
 {¶ 6} Accordingly, the appeal is hereby dismissed for lack of jurisdiction. Costs assessed to appellant.
APPEAL DISMISSED.
Richard W. Knepper, J., Mark L. Pietrykowski, J., and GeorgeM. Glasser, J., CONCUR.
Judge George M. Glasser, retired, sitting by assignment of the Chief Justice of the Supreme Court of Ohio.