OPINION
{¶ 1} Gary Thigpen appeals from a decision and entry of the Montgomery County Common Pleas Court, Juvenile Division, dismissing his parentage and child-custody complaint without prejudice and terminating an ex parte temporary custody order.
 {¶ 2} The record reflects that Thigpen filed his complaint on October 29, 2001, seeking both a judicial determination that he is the father of three minor children and legal custody of those children. (Doc. #1). In his complaint, Thigpen alleged that the children had been residing with him following their mother's incarceration in the Mahoning County Jail in Youngstown, Ohio. Along with his complaint, Thigpen also filed on October 29, 2001, a motion for ex parte emergency temporary custody of the three children. (Doc. #2). That same day, the trial court filed an ex parte order granting Thigpen interim temporary custody pending a hearing on his complaint. (Doc. #5).
 {¶ 3} A magistrate subsequently held an evidentiary hearing on the complaint on May 29, 2002. The only individuals to appear for the hearing were Thigpen and his attorney. In brief testimony, Thigpen stated that the mother of the children was incarcerated and that "paternity tests" had established his status as their father. He did not introduce any test results or other evidence to corroborate his testimony. In a June 26, 2002, decision, the magistrate dismissed Thigpen's complaint, without prejudice, "for failure to prove by a preponderance of the evidence that the plaintiff is the father of the named children." (Doc. #6). Thereafter, the trial court filed a December 12, 2002, decision and entry overruling Thigpen's objections to the magistrate's decision and adopting that decision as its own. In addition, the trial court's decision and entry terminated the interim temporary custody order. (Doc. #11). Thigpen then filed a timely appeal.
 {¶ 4} Although Thigpen advances eight assignments of error on appeal, we begin our analysis with a threshold issue, namely whether the decision and entry from which he has appealed is a final, appealable order. As noted above, that decision and entry did two distinct things: (1) it dismissed his parentage and custody complaint without prejudice, and (2) it terminated an ex parte order of temporary custody that had been issued pending a hearing on his complaint.
 {¶ 5} On appeal, Thigpen primarily challenges the trial court's dismissal of his parentage and child-custody complaint.[1] We note, however, that numerous appellate courts, including this one, have held that an involuntary dismissal without prejudice is not a final, appealable order. See, e.g., Christian v. McFarland (June 20, 1997), Montgomery App. No. 15984; Van-American Ins. Co. v. Schiappa (April 29, 1999), Jefferson App. No. 97-JE-42. This is so because a dismissal without prejudice "relieves the court of all jurisdiction over the matter, and the action is treated as though it had never been commenced."In re Thomas Fennell (Aug. 2, 2002), Athens App. No. 02CA19 (reasoning that "[i]f the action had never been commenced, it follows that nothing could have been determined with the kind of finality required by R.C. § 2505.02"); see also Westerhaus v. Weintraut (Aug. 31, 1995), Cuyahoga App. No. 68605 ("A dismissal of an action without prejudice is otherwise than upon the merits and leaves the parties in the same position as if the plaintiff had not commenced the action. . . . Because the attorney may refile this action, the litigation has not been brought to an end on the merits."). In light of the foregoing case law, which is merely illustrative and far from exhaustive, we conclude that the trial court's dismissal of Thigpen's complaint without prejudice is not a final, appealable order.
 {¶ 6} A more difficult question is whether the trial court's termination of its ex parte temporary custody order is appealable. As noted supra, one of Thigpen's eight assignments of error alleges that the trial court erred in terminating its order granting him temporary custody of the three minor children. Although Thigpen's appellate brief does not address the appealability of the termination decision, he suggested at oral argument that it is appealable under R.C. § 2505.02(B)(2) because it is an order that affects a substantial right made in a special proceeding.
 {¶ 7} Upon review, we find Thigpen's argument to be unpersuasive. We harbor no doubt that the juvenile court proceeding below constituted a "special proceeding" within the meaning of the statute. State ex rel.Dixon v. Clark County Court of Common Pleas, Juvenile Division (1995),103 Ohio App.3d 523, 527. We cannot agree, however, that the trial court's decision and entry terminating its ex parte temporary custody order affected a "substantial right" as that phrase is used in R.C. § 2505.02. The statute defines a "substantial right" as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." See R.C. § 2505.02(A)(1). Prior to a judicial determination of parentage, which is what Thigpen was seeking in this case, we are unaware of any "right" that he possessed to have temporary custody of the children. The only conceivable source of such a right was the trial court's temporary custody order itself, which specifically awarded him temporary custody pending a hearing on his parentage and child-custody complaint.[2] Once the trial court held its hearing on May 29, 2002, Thigpen had received all that he was entitled to under the terms of the temporary custody order, and the purpose for that order no longer existed. In other words, the order gave Thigpen only an interim right to custody of the children until a hearing was held, and that is exactly what he received. Thus, the trial court's post-hearing decision to terminate temporary custody did not affect the limited right previously granted to Thigpen.
 {¶ 8} Although we have not found any directly applicable precedent, our conclusion that the trial court's termination decision is not appealable is consistent with other cases generally addressing the appealability of temporary custody orders. A number of Ohio cases have recognized that a pre-adjudicatory, interim order awarding temporary custody is not a final, appealable order under R.C. § 2505.02. See, e.g., Howard v. Catholic Social Serv. of Cuyahoga Cty., Inc. (1994),70 Ohio St.3d 141, 146 (noting that "appellant is correct that he possesses no immediate appeal from any preadjudicatory emergency temporary custody order"); In re Nice, 141 Ohio App.3d 445, 452, 2001-Ohio-3214
(recognizing that "a preadjudicatory temporary custody order is not a final appealable order"); In the Matter of Calvin, Anthony, Alyshia, andSamantha Borntreger, Geauga App. No. 2001-G-2379, 2002-Ohio-6468 ("The May 18, 2001, judgment entry does not contain an adjudication. It does contain a grant of temporary custody on a preadjudicatory interim basis. However, since there is not an adjudication, this judgment entry is not a final appellate order[.]"); see also In the Matter of Surdel (May 12, 1999), Lorain App. No. 98CA007172 ("Temporary custody issued pursuant to Juv.R. 13 . . . is not a dispositional order under Juv.R. 34, and as such is not a final appealable order."). The foregoing cases suggest that the mother of the three minor children at issue could not have appealed from the trial court's preadjudicatory order granting Thigpen temporary custody of her children. But if the biological mother could not have appealed from the issuance of such an order, it stands to reason that Thigpen, who lacks a judicial determination of parentage, cannot appeal from the termination of the order.
 {¶ 9} In any event, even if the trial court's December 12, 2002, decision and entry were appealable under R.C. § 2505.02 insofar as it terminated the temporary custody order, we find no error in the decision to terminate temporary custody. As noted above, the purpose of the temporary custody order was to give Thigpen custody pending a hearing on his parentage and child-custody complaint. Once the magistrate conducted the hearing, the purpose for the temporary custody order vanished. At that point, Thigpen either was or was not entitled to (1) a judicial determination that he was the father of the children and (2) a permanent award of custody, depending on the evidence that he presented. The magistrate and the trial court found Thigpen's evidence lacking and dismissed his complaint without prejudice. In the wake of that decision, it would have defied law and logic for the trial court to continue a temporary custody order pending a hearing that had been completed on a complaint that had been dismissed.[3] As a result, we would find no error in the trial court's termination of temporary custody even if that aspect of its decision and entry were appealable under R.C. § 2505.02.
 {¶ 10} Finally, we reject the proposition that if the trial court's order terminating temporary custody were appealable, then we would have jurisdiction to review the trial court's dismissal of Thigpen's parentage and child-custody complaint. Thigpen's counsel suggested at oral argument that the order terminating temporary custody is appealable under R.C. § 2505.02 and, therefore, that we can address his arguments concerning the dismissal of his complaint. We find this "bootstrapping" argument to be unpersuasive. As noted above, the trial court's decision and entry did two distinct things: (1) it dismissed his parentage and custody complaint without prejudice, and (2) it terminated an ex parte order of temporary custody that had been issued pending a hearing on Thigpen's complaint. Even if the trial court's ruling were appealable to the extent that it terminated the temporary custody order, we discern no reason why such a fact would open for appellate review issues related to the unappealable dismissal of his parentage and custody complaint without prejudice.[4]
 {¶ 11} Based on the reasoning and citation of authority set forth above, we hereby dismiss this appeal for lack of a final, appealable order.
 {¶ 12} Appeal dismissed.
GRADY, J., and YOUNG, J., concur.
[1] In one of his eight assignments of error, Thigpen does assert that the trial court erred in terminating its temporary custody order. In his appellate brief, however, Thigpen has combined this assignment of error with four others, and he fails to make any specific argument regarding the propriety of terminating the temporary custody order.
[2] Although the trial court in the present case did not identify the source of authority for its temporary custody order, it appears to have issued the order pursuant to Juv.R. 13, which authorizes ex parte custody orders pending a hearing on a complaint.
[3] Indeed, under Juv.R. 13, the trial court likely lacked the authority to continue its temporary custody order after dismissing Thigpen's complaint. The rule only authorizes the issuance of such an order "pending hearing on a complaint." When no complaint exists, it logically follows that a court cannot continue a temporary custody order.
[4] In this regard, we note that the dismissal of Thigpen's complaint without prejudice is not what caused the termination of the temporary custody order. Rather, the completion of the evidentiary hearing on Thigpen's complaint is what prompted the termination of that order. See Juv.R. 13 (authorizing a court to issue a temporary custody order pending a hearing on a complaint). In other words, win or lose on his complaint Thigpen was not entitled to retain custody under the temporary order once the trial court held its evidentiary hearing. Thus, contrary to Thigpen's apparent belief, the trial court's termination of the temporary custody order in no way implicates the dismissal of his complaint without prejudice. Accordingly, even if the termination of temporary custody were appealable, that fact would not enable Thigpen to raise appellate arguments challenging the dismissal of his complaint.