DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court sua sponte. It has come to the court's attention that the decision from which appellant has appealed is not final and appealable and therefore this appeal must be dismissed.
 {¶ 2} In 2002, plaintiff, Christopher C., filed a compliant for custody and/or shared allocation of parental rights and responsibilities as to his minor daughter. Christopher had never been married to his daughter's mother, Jennifer C., and genetic testing established Christopher's paternity. Jennifer responded to Christopher's complaint with a motion for custody of her daughter and child support. The case was referred to a magistrate pursuant to Juv.R. 40.
 {¶ 3} Christopher filed a proposed shared parenting plan and the magistrate heard the matter in April 2003. The magistrate found that shared parenting is in the child's best interest but rejected the proposed plan submitted by Christopher. The magistrate's decision, journalized on April 30, 2003, was signed by both the magistrate and the judge. Under the magistrate's signature, which appears at the end of the decision, is the following statement:
 {¶ 4} "The Magistrate further advises the parties that they may serve and file written objections to the Decision within fourteen (14) days of the date of its filing. Objections shall be specific and state the particular grounds for such objections."
 {¶ 5} Under this statement, the document states:
 {¶ 6} "Judgment.
 {¶ 7} "The Court finding the Decision of the Magistrate to be well taken, it is hereby ordered that the Decision of the Magistrate be adopted in its entirety as the order of this Court."
 {¶ 8} The judge signed this statement.
 {¶ 9} The parties then attended mediation to aid them in establishing a shared parenting plan that both could agree on. The parties were unable to agree on a plan and Christopher moved for a further hearing before the magistrate. Following the hearing, the magistrate issued a decision, journalized on July 29, 2003, that establishes a shared parenting plan and states that neither parent shall pay child support because both parents will be spending equal time with the child. The magistrate signed the decision and under her signature is the following statement:
 {¶ 10} "The Magistrate further advises the parties that they may serve and file written objections to the Decision within fourteen (14) days of the date of its filing. Objections shall be specific and state the particular grounds for such objections. The magistrate further advises that a party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law in that decision unless the party timely and specifically objects to that finding or conclusion as required by Juvenile Rule 40(E)(3)."
 {¶ 11} This statement is followed by:
 {¶ 12} "JUDGMENT.
 {¶ 13} The Court finding the Decision of the Magistrate to be well taken, it is hereby ordered that the Decision of the Magistrate be adopted in its entirety as the order of this Court."
 {¶ 14} Again, this judgment is signed by the judge.
 {¶ 15} Jennifer filed a motion for findings of fact and conclusions of law in connection with the July 29, 2003 Magistrate's Decision as well as a motion for extension of time to file objections to the decision. On August 26, 2003, the magistrate issued findings of fact and conclusions of law. This document, journalized on August 27, 2003, contains the same statement regarding filing objections as in the July 29, 2003 Magistrate's Decision as well as the same Judgment signed by the judge.
 {¶ 16} Thereafter, Jennifer filed objections to the August 27, 2003 decision of the magistrate. The judge addressed the objections in a judgment, journalized on October 3, 2003, which found one of the objections well taken, ordered the parties to submit proposed modifications to Christopher's original proposed shared parenting plan and continued the matter for the court to consider "whether the modifications submitted by the parties are in the child's best interest." The parties each filed a proposed shared parenting plan and in a judgment dated January 12, 2004, the judge "approved and adopted in its entirety as the ongoing order of this Court" Christopher's proposed shared parenting plan. The judgment further ordered each party to submit financial affidavits within seven days so that the court could calculate child support.
 {¶ 17} The magistrate addressed the issue of child support in a January 27, 2004 decision which states that Christopher shall pay $193.89 per month in support. The decision contains the same statement concerning objections as the previous decisions of July 29, 2003 and August 27, 2003 and again concludes with a judgment, signed by the judge, adopting the magistrate's decision.
 {¶ 18} On February 11, 2004, Jennifer filed her notice of appeal from the January 12, 2004 judgment entry. However, this judgment entry is not final because it does not address the issue of child support. See Berends v. Pearn (Jan. 27, 2000), 8th Dist. Nos. 76755 and 76768, a paternity case where the court held that an order which modified a prior visitation order but continued the matter for a hearing on child support, is not a final appealable order. The court stated:
 {¶ 19} "In light of the juvenile court's order expressly deferring determination of appellee's support obligations to a later date, prior to considering the merits of this appeal, this court must determine whether it has jurisdiction.
 {¶ 20} "Pursuant to Section 3(B)(2), Article IV of the Ohio Constitution, the courts of appeals may entertain appeals only from final judgments or orders of a trial court. State v.Matthews (1998), 81 Ohio St.3d 375, 691 N.E.2d 1041. R.C.2505.02, in pertinent part, defines `final order':
 {¶ 21} "(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 {¶ 22} "(1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
 {¶ 23} "(2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment;
 {¶ 24} "(3) An order that vacates or sets aside a judgment or grant a new trial;
 {¶ 25} "(4) An order that grants or denies a provisional remedy * * *;
 {¶ 26} "(5) An order that determines that an action may or may not be maintained as a class action.
 {¶ 27} "Several of the above statutory provisions are obviously not applicable to this case. The July 2, 1999 judgment entry obviously does not determine the entire action in this case because the trial court specifically postponed a determination of appellee's motion to modify child support until a later date. Similarly, the entry does not vacate or set aside a judgment or grant a new trial, nor grant or deny a provisional remedy. Finally, the July 2, 1999 entry does not determine whether or not the action may proceed as a class action. Accordingly, R.C.2505.02(B)(1), (3), (4) and (5) do not apply in this instance.
 {¶ 28} "The question, however, is whether the trial court's order is one that affects a substantial right made in a special proceeding. For purposes of R.C. 2505.02, `[a] "substantial right" is a legal right enforced and protected by law.' State exrel. Hughes v. Celeste (1993), 67 Ohio St.3d 429, 430,619 N.E.2d 412. A special proceeding is an action created by statute and not recognized in common law or in equity. Polikoff v. Adam
(1993), 67 Ohio St.3d 100, 107, 616 N.E.2d 213. `It is the underlying action that is to be examined to determine whether an order was entered in a special proceeding, and not the order itself which was entered within that action.' Walters v. TheEnrichment Ctr. of Wishing Well, Inc. (1997), 78 Ohio St.3d 118,123, 676 N.E.2d 890.
 {¶ 29} "Here, the underlying action is one to determine parentage, with ancillary issues of child custody and support. The Ohio Supreme Court has indicated that parentage actions are special statutory proceedings. State ex rel. Fowler v. Smith
(1994), 68 Ohio St.3d 357, 360, 626 N.E.2d 950. A judgment related to paternity does not affect a substantial right, however, until there is both a judgment establishing paternity and a support order based on that judgment. Mullins v. Roe,
1998 Ohio App. LEXIS 2190 (May 15, 1998), Scioto App. No. 97CA2518; Adams v. Jett, 1995 Ohio App. LEXIS 481 (Feb. 10, 1995), Montgomery App. No. 14636, unreported. See, also, Stateex rel. Wilkerson v. Truss, 133 Ohio App.3d 633,729 N.E.2d 459, 1999 Ohio App. LEXIS 2184 (1999); Marsh v. Clay,
1995 Ohio App. LEXIS 3039 (July 20, 1995), Cuyahoga App. No. 67854, unreported; Nwabara v. Willacy, 1994 Ohio App. LEXIS 2089 (May 6, 1994), Cuyahoga App. No. 65450, unreported; State ex rel.Dixon v. Clark Cty. Court of Common Pleas, Juvenile Division (1995), 103 Ohio App.3d 523, 527-528, 660 N.E.2d 486.
 {¶ 30} "Although the trial court determined parentage and custody in this action, in its July 2, 1999 entry, the juvenile court expressly deferred determination of appellee's claim regarding child support until a later date. Accordingly, the juvenile court has not entered a final appealable order pursuant to R.C. 2505.02(B) and this court lacks jurisdiction to consider appellant's appeal."
 {¶ 31} In the case presently before us, however, the magistrate did address child support on January 30, 2004 in a subsequent decision. Thus, if the January 30, 2004 document is an appealable judgment, we have jurisdiction over this appeal since Jennifer filed her notice of appeal after that date on February 11, 2004. Civ.R. 54(A) states:
 {¶ 32} "(A) Definition; form. `Judgment' as used in these rules includes a decree and any order from which an appeal lies as provided in section 2505.02 of the Revised Code. A judgment shall not contain a recital of pleadings, the magistrate'sdecision in a referred matter, or the record of prior proceedings." (Emphasis added.)
 {¶ 33} We find that the January 30, 2004 magistrate's decision that is merely adopted and signed by the judge at the bottom of the decision is not a "Judgment" as defined in Civ.R. 54(A) since it contains the magistrate's decision. In Sabrina J.v. Robbin C. (Jan. 26, 2001), 6th Dist. No. L-00-1374, this court held:
 {¶ 34} "[W]e hold that an order of a trial court which merely adopts a magistrate's decision and enters it as the judgment of the court is not a final appealable order. * * *. We further hold that to be final, an entry of judgment by the trial court pursuant to Civ.R. 53(E)(4) [or the identical Juv.R. 40(E)(4)] must:
 {¶ 35} "1. pursuant to subsection (b), `adopt, reject, or modify' the magistrate's decision and should state, for identification purposes, the date the magistrate's decision was signed by the magistrate,
 {¶ 36} "2. state the outcome (for example, `defendant's motion for change of custody is denied') and contain an order which states the relief granted so that the parties are able to determine their rights and obligations by referring solely to the judgment entry, and,
 {¶ 37} "3. be a document separate from the magistrate's decision." (Footnotes omitted.)
 {¶ 38} Accordingly, we find that the document dated January 30, 2004 is not a judgment because it contains the decision of a magistrate. There is no judgment from which an appeal can be taken and this court orders this appeal dismissed at appellant's costs.
Appeal Dismissed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, P.J., W. Knepper, J., Singer, J., Concur.